UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEO H. EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON STEVENS, MARTIN, GRABER,<br><br>Defendants. | CAUSE NO. 3:25-CV-26-GSL-JEM |

OPINION AND ORDER

Leo H. Edwards, a prisoner without a lawyer, filed a complaint alleging that three Elkhart police officers beat him. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Edwards alleges that, while he was being escorted into the Elkhart Police Department, three Elkhart police officers – defendants Corporal Brandon Stevens, Sergeant Martin, and Sergeant Gruber – threw him to the ground and began punching him. ECF 2 at 2. The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and

circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Giving Edwards the benefit of all reasonable inferences to which he is due at this stage of the proceedings, he has stated a claim for excessive force against the defendants.

For these reasons, the court:

(1) GRANTS Leo H. Edwards leave to proceed against Corporal Brandon Stevens, Sergeant Martin, and Sergeant Gruber in their individual capacities for compensatory and punitive damages for excessive force in violation of the Fourth Amendment on October 12, 2023, at the Elkhart Police Department;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Corporal Brandon Stevens, Sergeant Martin, and Sergeant Gruber at the City of Elkhart Police Department, with a copy of this order and the complaint (ECF 2);

(4) ORDERS the Chief of Police for the City of Elkhart Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Corporal Brandon Stevens, Sergeant Martin, and Sergeant Gruber to respond, as provided for in the Federal Rules of Civil Procedure and Northern District of Indiana Local Rule 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 17, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT